THE STATE OF OHIO, APPELLEE, *v.* BUMPHUS, APPELLANT.

[Cite as State v. Bumphus (1976), 53 Ohio App. 2d 171.]

(No. H-75-8—Decided May 14, 1976.)

*Mr. William W. Owens,* prosecuting attorney, for appellee.

*Mr. John Baird,* for appellant.

POTTER, J. Defendant-appellant, Larry J. Bumphus, appealed from a conviction of aggravated robbery, R. C. 2911.01, in the Huron County Court of Common Pleas.

The record indicates that the defendant had a deadly weapon—to wit, a gun—on or about his person or under his control. The trial court stated to the jury in his charge that in an aggravated robbery the essential element of culpability is recklessness and thereafter defined recklessness. The trial court further stated in the charge the following:

"* * * Before you can find the defendant guilty of aggravated robbery, the State of Ohio must prove beyond a reasonable doubt and you must find beyond a reasonable doubt, first, that on or about October 21st, 1974, in Huron County, Ohio the Defendant, Larry J. Bumphus, acting recklessly, knowingly attempted to commit a theft offense, in that he attempted to obtain property of some value, however small, by means of a threat or without the

consent of Clayton Fries, for the purpose of depriving Clayton Fries of that property; and second, that at that time and place the Defendant had a deadly weapon on or about his person. * * *"

To the instructions of the trial court, the appellant has assigned the following error:

"The court erred in instructing the jury that the requisite culpable mental state in the commission of aggravated robbery is recklessness."

An examination of the transcript of proceedings reveals that the instructions to the jury were thoroughly discussed by the court in chambers with counsel for both parties present. No objection was preserved at that time nor was any objection preserved before the jury retired to consider its verdict. Crim. R. 30[1] is applicable and for this reason we find appellant's assignment of error not well taken and affirm the judgment of the court below.

Although the application of Crim. R. 30 prevents the charge of the trial court from being reversible error, we take this opportunity to resolve the issue presented by the appellant in order to eliminate the confusion as to the requisite mental state of aggravated robbery.

Appellant alleges that the charge setting forth two culpable mental states, to wit, "recklessly" and "knowingly," was confusing to the jury and erroneous. The determination of the issue presented by appellant requires a consideration of the following statutes. R. C. 2911.01 states as follows:

"Aggravated robbery.

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

---

[1]Crim. R. 30, in part, provides:

"A party may not assign as error the giving or the failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

"(1) Have a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

"(2) Inflict, or attempt to inflict serious physical harm on another.

"(B) Whoever violates this section is guilty of aggravated robbery, a felony in the first degree."

R. C. 2913.02, in pertinent part, states as follows:

"Theft.

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent:

"(3) By deception;

"(4) By threat. * * *"

The question relative to the degree of culpability—to wit, knowingly or recklessness—comes about by reason of an alleged conflict between R. C. 2911.01 and R. C. 2913.02. In R. C. 2911.01, there is no reference to a state of culpability; whereas, in R. C. 2913.02, the degree of culpability is that of knowingly. R. C. 2901.21 states the following:

"(B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

Reference is also made to the definitions of culpable mental states contained in R. C. 2901.22. The following is pertinent:

"(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain na-

ture. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

"* * *

"(E) * * *When recklessness suffices to establish an element of an offense, then knowledge or purpose is also sufficient culpability for such element. When knowledge suffices to establish an element of any offense, then purpose is also sufficient culpability for such element."

The authors of the reference manual for continuing legal education programs, Ohio Legal Center Institute, Ohio Criminal Code Conference, December 1973, and the authors of the Ohio Jury Instructions, see 1974 provisional instructions, have struggled with the alleged conflict of culpability referred to above. The position of the trial court found support in the reference manual. See the Reference Manual for Continuing Legal Education Program, Ohio Legal Center Institute, Criminal Code Publication No. 87-1973, Chapter 2911, page 11-3, a portion of which is quoted below:

"In the proposed form, the statute was written in terms of the reckless use or threat of the use of force when armed or when serious physical harm was inflicted or attempted to be inflicted. As enacted, aggravated robbery does not specify a degree of culpability. In that sitution recklessness is sufficient in the absence of a plain purpose to impose strict liability. Section 2901.21(B), R. C. An example of plain purpose to impose strict liability is Section 2901.02(A)(3), R. C., rape of a person under 13, wherein the statute imposes liability whether or not the defendant knows the age of the victim. Proof of purpose or knowledge is also proof of recklessness."

The foregoing is not relevant, in that the aggravated

robbery statute by reference to the theft statute contemplates a precise stated degree of culpability—to wit, knowingly—and it is sufficient thereafter to present to the jury the issue of whether the defendant had a deadly weapon or dangerous ordnance on or about his person or under his control. See R. C. 2901.22(E). We approve the following 1974 provisional Ohio jury instruction found at 4 O. J. I. 511.01, which is as follows:

"(a) The defendant is charged with aggravated robbery. Before you can find the defendant guilty, you must find beyond a reasonable doubt:

"(1) That on or about———— day of ————, 19—— and in ————County, Ohio, the defendant [knowingly][2] (obtained) (attempted to obtain) (fled after attempting to obtain) property of some value, however small, for the purpose of depriving ————of that property *(other applicable theft offense under RC 2913.01(K))* * * * and that:

*"Use applicable alternatives*

"a Deadly Weapon. The defendant had a (deadly weapon) (dangerous ordnance) on or about his person (or under his control). RC 2911.01(A)(1)

"(b) Serious Physical Harm. The defendant (inflicted) (attempted to inflict) serious physical harm upon the person of ————RC 2911.01(A)(2) * * *"

The foregoing approved instruction comports with the purpose of the new criminal code.

The judgment of the Court of Common Pleas of Huron County is affirmed.

*Judgment affirmed.*

BROWN, P. J. and WILEY, J., concur.

---

[2]Suggested insertion to the provisional charge.