THE STATE OF OHIO, APPELLEE, *v.* CRAWFORD, APPELLANT.

(Nos. C-820685 and -820642— Decided July 13, 1983.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer* and *Mr. Michael R. Barrett,* for appellee.

*Mr. Richard L. Bell,* for appellant.

PALMER, P.J.   A single issue is presented by this appeal: Under the evidence received in this case, is the crime of felonious assault, R.C. 2903.11(A)(1), a lesser included offense of aggravated robbery, R.C. 2911.01(A)(2)? If the answer to this single question is "no," the defendant's assignment of error must be granted; if the answer is otherwise, then the action of the trial court finding the defendant guilty of the former must be affirmed.

The events giving rise to this issue are of relatively little importance, and will not be given in detail. It is sufficient to relate that the incident giving rise to the charge occurred during the early morning hours of May 6, 1982, when an altercation occurred between the defendant's companion, a male transvestite prostitute, and a would-be customer. During or prior to this altercation, the customer's wallet was stolen. The defendant-appellant, Steve Travis Crawford, came to the aid of his companion in the ensuing struggle and, in the process, admittedly inflicted numerous and disabling cuts on the person of the customer with a weapon described as brass knuckles with knife blades at each end. The defendant was indicted for aggravated robbery contrary to R.C. 2911.01(A)(2), *i.e.,* for inflicting or attempting to inflict serious physical harm while committing or attempting to commit a theft offense. Following a trial to the court, the defendant was found guilty of felonious assault, R.C. 2903.11, as a lesser included offense of aggravated robbery, and sentenced as appears of record. The sole assignment of error raises the above issue.

Little point would be served by any extended analysis of the scores of cases which have examined this difficult issue over the past years. It is sufficient to note that in our most recent decisions involving analyses of the law of lesser included offenses, *State* v. *Gordon* (1983), 9 Ohio App. 3d 184, and *State* v. *Washington* (1983), 8 Ohio App. 3d 314, this court applied the following test set fourth in *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 384, to determine the question:

"An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

Here, our attention is directed to the second element of the test. As was required by the Supreme Court in *State* v. *Merriweather* (1980), 64 Ohio St. 2d 57, with respect to the crimes of aggravated robbery and robbery, we are now required to scrutinize "* * * the differences between the offenses in order to determine if aggravated robbery could be committed without * * * [felonious assault] also being committed." *Wilkins, supra,* at 385.

The elements of aggravated robbery, as relevant to the present case, are defined in R.C. 2911.01 as follows:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code * * * shall do either of the following:

"* * *

"(2) Inflict, or attempt to inflict serious physical harm on another."

The crime of felonious assault, as here relevant, is defined by R.C. 2903.11 in the following terms:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;"

Two problems become apparent in applying the second part of the *Wilkins* test to these two crimes. First, it is clear that the crime of aggravated robbery may be committed by one who *attempts* to inflict serious physical harm on another, whereas a felonious assault must be accompanied by an *actual* infliction of serious physical harm. Applying the literal test of *Wilkins,* the greater offense could, there-

fore, be committed — in a hypothetical case — without also committing the lesser offense. In the actual event, however, the hypothetical "attempt" case does not here arise. The defendant admitted to having assaulted and cut the victim, claiming only that he was acting in defense of his companion prostitute. The injuries of the victim were obviously and uncontrovertedly within the category of "serious physical harm." Clearly, then, *under the facts of the case,* and so far as this particular issue is concerned, the greater offense necessarily included the lesser. See, *e.g., State* v. *Wilson* (Mar. 29, 1978), Hamilton App. No. C-77061, unreported.

The second problem, relating to the disparate requirements of culpability between the two crimes, is not so readily answered. The crime of aggravated robbery makes no specific mention of the degree of culpability required. Under such circumstances, we are referred to R.C. 2901.21 for the applicable rule, which statute recites, in relevant part:

"(B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

Since the statute defining aggravated robbery does not "plainly" indicate a strict liability intent, one concludes that "recklessness" is the degree of culpability sufficient to impose liability for the crime, or at least that aspect of the crime which relates to the element of "[i]nflict, or attempt to inflict serious physical harm."[1] It is entirely possible, then, for one who

---

[1] Note should be taken of an *apparent* contrary result reached by the Court of Appeals for Huron County in *State* v. *Bumphus* (1976),

53 Ohio App. 2d 171 [7 O.O.3d 244]. There, after noting the disagreement of authorities on the issue, the court held that the aggravated

*purposely* commits a theft offense, and *recklessly* inflicts serious physical injuries on another in the process, to be guilty of aggravated robbery contrary to R.C. 2911.01(A)(2). But, does he also necessarily commit a felonious assault in so doing? The answer seems clearly that he does not, since felonious assault requires the next higher degree of culpability, to wit, that one *"knowingly"* cause another serious physical harm. While "knowingly" will subsume "recklessly," the converse is not true, R.C. 2901.22(E), and the above example would not suffice for a conviction of felonious assault. We are required to conclude, then, that our example fails to satisfy the second part of the test set out in *Wilkins, supra,* and felonious assault could not under those circumstances be a lesser included offense of aggravated robbery.

But is the instant case saved from the above deficiency by the application of the same principle that removed the initial problem of "[i]nflict, or *attempt* to inflict," *viz.,* by a reference to the actual evidence received in the case? Arguably, if the evidence demonstrated beyond a reasonable doubt that defendant's admitted act of inflicting the cuts was done *"knowingly,"* as that term is defined in R.C. 2901.22(B), and particularly if the

trier of fact had so found, it would be possible to argue that *under the facts of this case,* the greater offense could not have been committed without also committing the lesser. The question does not, however, arise. The trial court did not so find, contenting itself with observing that:

"The State has not sustained its burden of proof with regard to the charge of aggravated robbery, but they [*sic*] have sustained their [*sic*] burden of proof with regard to the lesser crime of felonious assault."

The actual evidence on the point, while it clearly would have supported a finding by the trier of facts that the harm was knowingly inflicted, nevertheless cannot be said to have been so clear, uncontroverted, or indisputable that such finding of fact can or ought to be made here, in the first instance. The case is not identical with the previously examined "[i]nflict, or *attempt* to inflict" dichtomy, where the infliction of the cuts was conceded by the defendant himself. We are simply unable to ignore the possibility that reasonable minds might have concluded, under the evidence heard in the case, that defendant's culpable mental state was "reckless," as defined in R.C. 2901.22(C), rather than "knowing," as

---

robbery statute incorporated the culpability requirement of the theft statute, R.C. 2913.02, and thus required a showing that the defendant acted "knowingly." The rule, however, was applied to a *charge* by the trial court which appeared to relate the degree of culpability of "recklessness" to the *theft* element of the offense. We have no quarrel with *Bumphus* to the extent that it stands for the principle that the theft element of aggravated robbery must be accompanied by a demonstration that it was done knowingly. But the fact that the court found the statute to incorporate the *theft* degree of culpability into that particular element of the crime of aggravated robbery is no reason to assume it is incorporated into the entirely different element of *inflicting serious physical harm.* As to that element, the statute

is silent, and "recklessness" must therefore be assumed to be the requisite mental state. Clearly, this is the result contemplated by the authors of the Committee Comment to that portion of H.B. 511 addressing R.C. 2911.01 in providing examples of the reckless conduct of the "* * * purse-snatcher who knocks an old lady down and thus causes her to break her hip, the pickpocket who when discovered makes a break for freedom and seriously injures a bystander impeding his flight * * *."

It may also be noted that the discussion in *Bumphus* with respect to the requisite degree of culpability in aggravated robbery is quite clearly *obiter dicta,* the ruling of the court having been predicated upon a failure to comply with Crim. R. 30.

defined in R.C. 2901.22(B). This being the case, the instant cause necessarily fails the *Wilkins* test, and the assignment of error must be sustained.

Nevertheless, while we hold that under the evidence of this case felonious assault was not a lesser included offense of aggravated robbery, and the verdict and judgment finding the defendant guilty of the former must be set aside, it is clear that the uncontroverted evidence in the case, particularly including the defendant's own testimony, convicts the defendant of what *is* indisputably the lesser included offense of assault, contrary to R.C. 2903.13(B), which provides:

"No person shall recklessly cause serious physical harm to another." This crime passes every part of the *Wilkins* test as a lesser included offense of R.C. 2911.01(A)(2), including that of identical states of culpability.

As a result of the foregoing, we set aside the judgment of guilt of felonious assault, and the sentence thereunder, modifying the same to a finding of guilt of assault contrary to R.C. 2903.13(B), and remand the matter to the trial court for resentencing and such other proceedings as are consistent herewith and with law.

*Judgment accordingly.*

SHANNON and DOAN, JJ., concur.