OPINION
The following appeal arises from the decision of the Columbiana County Court of Common Pleas accepting Richard Silvestri's no contest plea following the court's denial of a motion to dismiss on double jeopardy grounds. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
The history of the present case has proven to be quite lengthy. The events giving rise to this case originally occurred on December 16, 1994. At that time, Sergeant Bernard C. Doran, Sr. and Patrolwoman Susie Minerd from the East Palestine Police Department were on routine patrol when they received a report from their dispatcher. An individual had called the police station and advised the dispatcher that two males were seen taking money from laundry machines at a laundromat within city limits. Officers Doran and Minerd immediately proceeded to the scene upon receiving the report.
Upon arriving at the laundromat, the officers approached two men who would later be identified as Edward Slagle and Richard J. Silvestri, appellant. A request was made by one of the officers for both individuals to provide some form of identification. While Slagle was unable to produce any identification, appellant indicated he had left his in his vehicle and would retrieve such. However, he was ordered by Sergeant Doran to remain on the premises. Nonetheless, appellant fled toward the door and attempted to force his way past Officer Minerd. Sergeant Doran tackled appellant before he was able to exit the building and a struggle ensued. During the course of the struggle, appellant confiscated Sergeant Doran's pistol and pointed it at Officer Minerd. Although appellant eventually surrendered the weapon, Doran required the assistance of responding officers to forcefully place appellant in handcuffs and place him under arrest. A search of the area in which Slagle and appellant had been standing when the officers arrived revealed several broken coin mechanisms as well as a large quantity of quarters and dimes. Furthermore, a search of appellant's clothing and vehicle revealed numerous criminal tools.
On December 19, 1994 a complaint was filed in the Eastern Area County Court of Columbiana County alleging that appellant committed felonious assault in violation of R.C. 2903.11 (A) (2) At his initial appearance on December 20, 1994, it was noted that appellant was being held based upon offenses which included felonious assault, receiving stolen property and possession of criminal tools. A preliminary hearing was held in the Eastern Area County Court on January 3, 1995. In the court's entry it was noted that appellant was "bound over to the Court of Common Pleas for any further proceedings."
An indictment was returned against appellant by the Columbiana County Grand Jury on January 12, 1995. The indictment included one count of aggravated, robbery in violation of R.C. 2911.01 (A) (1) with an accompanying firearm specification and one count of possessing criminal tools in violation of R.C. 2923.24 (A). An arraignment was held in the Columbiana County Court of Common Pleas on January 27, 1995 at which time appellant entered pleas of not guilty to all charges alleged in the indictment. However, on July 12, 1995 appellant withdrew his pleas of not guilty and entered pleas of guilty which were accepted by the trial court. The matter was eventually set for sentencing on January 31, 1996 following the completion of a pre-sentence investigation.
Prior to the sentencing hearing to be held in common pleas court, appellant appeared before the Eastern Area County Court on October 10, 1995 as related to misdemeanor charges arising from the December 16, 1994 incident. At that time, appellant agreed to enter pleas of no contest to charges of assault and resisting arrest. He was sentenced to a total of 270 days of jail time and received a fine of $750.
When it came time for the sentencing hearing on January 31, 1996 as related to the felony charges, appellant failed to appear before the trial court. Therefore, a bench warrant was immediately issued by the trial court. Despite the issuance of the warrant, appellant evaded authorities until June 24, 1997. Subsequent to being placed back into custody, appellant obtained new counsel and on August 12, 1997 filed a motion to withdraw his guilty plea.
Said motion was based upon allegations that prior counsel had accepted approximately $40,000 in payments from appellant in order to attempt to improperly influence the court regarding the sentence to be imposed. Based upon the proof provided by appellant as to these allegations, the trial court permitted a plea withdrawal on August 14, 1997.
Appellant then filed a motion on October 14, 1997 asking the trial court to dismiss the pending criminal charges. Appellant asserted that since he had previously pled no contest to assault charges in the Eastern Area County Court which arose out of the same course of conduct, it would violate the Double Jeopardy Clauses of the Ohio and United States Constitutions to subject him to a second criminal prosecution. The trial court denied appellant's motion on October 16, 1997. A subsequent motion for reconsideration filed by appellant was similarly denied.
Due to the failure of the motion to dismiss, appellant again chose to withdraw his not guilty pleas on March 10, 1998 and enter a plea of no contest to the charge of aggravated robbery. Due to his willingness to enter a no contest plea to count one of the indictment, the trial court agreed to dismiss the gun specification which accompanied count one in addition to dismissing the possession of criminal tools charge. Appellant was sentenced to a term of incarceration of not less than seven years nor more than 25 years on the aggravated robbery charge. A timely notice of appeal was filed by appellant on April 7, 1998.
Appellant raises a single assignment of error on appeal.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error reads:
 "THE PROSECUTION OF APPELLANT SILVESTRI FOR AGGRAVATED ROBBERY VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BECAUSE HE HAD ALREADY PLEAD NO CONTEST TO THE LESSER INCLUDED OFFENSES OF ASSAULT AND RESISTING ARREST, AND SUBSEQUENTLY SERVED HIS SENTENCE."
It is appellant's position that the convictions in the Eastern Area County Court for assault and resisting arrest preclude the common pleas court from pursuing a conviction for aggravated robbery. The basis for appellant's position is that to permit the aggravated robbery conviction would violate the Double Jeopardy Clauses of the Ohio and United States Constitutions. Appellant asserts that both assault and resisting arrest are lesser included offenses of aggravated robbery and thus preclude a second prosecution.
 A. APPLICABLE LAW
The concept of double jeopardy was incorporated into theFifth Amendment to the United States Constitution which states that" En] o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb * * *" The Fifth Amendment has specifically been made applicable to the states through theFourteenth Amendment. Benton v. Maryland (1969), 395 U.S. 784,794. Similarly, Section 10, Article I of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." Ohio courts have historically treated the protections afforded by the Double Jeopardy Clauses of the Ohio and United States Constitutions as coextensive. State v.Gustafson (1996), 76 Ohio St.3d 425, 432 citingState v. Moss (1982), 69 Ohio St.2d 515, 517.
The premise underlying the Double Jeopardy Clauses is that the state is prohibited from seeking (1) a second prosecution for the same offense after acquittal or conviction and (2) multiple punishments for the same offense. United States v. Halner
(1989), 490 U.S. 435, 440. Similarly, the Double Jeopardy Clauses prohibit the prosecution of a defendant for a greater offense when he or she has already been acquitted or convicted on a lesser included offense. Brown v. Ohio (1977), 432 U.S. 161,168. In order to determine whether a subsequent prosecution is violative of the Double Jeopardy Clause of the United States Constitution, the United States Supreme Court has devised the"Blockburger test" which essentially states:
 "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States (1932), 284 U.S. 299, 304.
The United States Supreme Court expounded upon the test as set forth in Blockburger when it decided the case of Harris v.Oklahoma (1977), 433 U.S. 682. In this case, the court held that a person convicted of felony murder could not subsequently be convicted of robbery as the second charge was an inseparable part of the first conviction. Pursuant to Harris, the court held that a person could not be subjected to multiple prosecutions when proof of one of the offenses was necessary to prove the other offense, and both completed offenses arose out of the same course of criminal conduct. State v. Thomas (1980), 61 Ohio St.2d 254,261 citing Harris, supra. In essence, the underlying, substantive criminal offense was viewed as a species of lesser included offense. Illinois v. Vitale (1980), 447 U.S. 410, 420. However, the court later would make clear that its decision in Harris did not create a second test for double jeopardy purposes. UnitedStates v. Dixon (1993), 509 U.S. 688, 706. On the contrary, the decision was meant only to emphasize that the inquiry was to focus on the elements of each offense rather than the conduct of the defendant during the course of criminal conduct. Id.
 B. ANALYSIS
As is evident from Blockburger and its progeny, the double jeopardy analysis requires a consideration of the elements of the various statutory offenses which arose out of the single course of criminal conduct. Blockburger, Harris and Dixon,
supra. Appellant's original conviction for assault is embodied in R.C.2903.13 which states in relevant part:
 "(A) No person shall knowingly cause or attempt to cause physical harm to another."
R.C. 2921.33 sets forth the requirements for a resisting arrest conviction as follows:
 "No person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another."
While R.C. 2911.01 provides two separate bases for an aggravated robbery conviction, appellant was convicted pursuant to the first of these subsections:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:
 (1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control; * * *"
By applying the Blockburger test, it is apparent that neither assault nor resisting arrest contain the same statutory elements as aggravated robbery so as to preclude a second prosecution. The portion of the aggravated robbery statute under which appellant was convicted requires proof of theft or attempted theft and possession of a deadly weapon or dangerous ordnance. A review of the assault and resisting arrest statutes reveals that neither requires a showing of either of these elements. On the contrary, assault requires a showing that the defendant caused or attempted to cause physical harm to another. R.C. 2911.01 (A) (1) does not require any such actions by the defendant. Additionally, resisting arrest requires resistance or interference with a lawful arrest which is clearly absent from the aggravated robbery statute. Therefore, each offense contains statutory elements which are distinct from the other offenses. This court is not presented with a situation such as that in Harris, supra where the second offense was an integral part of the first conviction.
Based upon this inquiry, it cannot be held that the second prosecution violated appellant's right to be free from being twice placed in jeopardy for the same offense. The trial court properly came to this conclusion in its March 2, 1998 judgment entry when it found:
 "It would not be necessary for the State to prove the assault on the police officer, i.e. force, or threat of force, to prove the aggravated robbery, that is, having a firearm on or about the Defendant's possession while attempting, committing, or fleeing from a theft offense."
All three offenses are separate and distinct in nature thus not qualifying as lesser included offenses. Despite appellant's contention to the contrary, the assault itself was not a necessary incident of the aggravated robbery offense. Hence, it was appropriate for the Eastern Area County Court to dispose of the misdemeanor offenses while reserving the felony offenses for the court of common pleas.
While appellant relies upon State v. Crawford (1983), 10 Ohio App.3d 207
for the proposition that assault is a lesser included offense of aggravated robbery, such reliance is misplaced. A review of the decision in Crawford reveals that the appellate court was addressing (A) (2) of R.C. 2911.01 rather than (A) (1) which is relevant in the present case. According to R.C. 2911.01
(A) (2), the infliction or attempt to inflict serious physical harm is made an element of the aggravated robbery offense. Under this circumstance, it could be held that the assault was a lesser included offense and thus precluded a second prosecution for aggravated robbery. However, the trial court in the case sub judice did not find appellant guilty of aggravated robbery based upon section (A) (2) of the statute. On the contrary, the trial court relied upon (A) (1) which deals with the possession of a deadly weapon or dangerous ordnance rather than the infliction or attempt to inflict serious physical harm. As explained previously, the circumstances in the case at bar do not support a conclusion that assault pursuant to R.C. 2903.13 (A) is a lesser included offense of R.C. 2911.01 (A) (1). Therefore, the decision reached in Crawford is distinguishable.
While not dispositive of the case, it should be noted that the instant matter does not present this court with a situation whereby the state chose to wait until some time subsequent to obtaining the initial convictions in order to pursue a second prosecution on a more severe charge. As the record clearly reflects, appellant was indicted on the aggravated robbery charge on January 12, 1995, only twenty-four days after the events transpired at the laundromat. Said indictment was handed down a full nine months before appellant chose to enter pleas of no contest to the charges of assault and resisting arrest. As such, this is not a case where the state attempted to abuse and harass a defendant by subjecting him to one prosecution after another. The state merely made a tactical decision to separate the misdemeanor offenses from the felony offenses.
Appellant on the other hand, did not file his motion to dismiss until a full two years had passed from the time of his pleas to the misdemeanor offenses. Furthermore, said motion was filed only after his attempts to avoid prosecution as well as bribe the trial judge failed. As is clear from this court's decision herein, appellant's last ditch effort must meet with a similar disappointing fate as the state's second prosecution did not violate the Double Jeopardy Clause of either the Ohio or United States Constitutions.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE