OPINION
Following a trial by jury, defendant Flint E. Bonney appeals the judgment of the Marion County Court of Common Pleas convicting him of one count of Robbery and sentencing him to a term of five years incarceration.
At approximately 2:30 A.M. on May 16, 1999, Jason Nalle, Penny Grauel, Kevin Mass, and Aliea Miller left a dance club in Marion, Ohio and went in search of a place to eat. The four out-of-towners had planned to go to a nearby Denny's restaurant in an automobile driven by Jason Nalle, but got lost on the way. At some point, Aliea Miller decided to get directions to the restaurant, and while their car was stopped at a red light she asked for help from another car being driven by co-defendant Calvin White and in which defendant Flint Bonney was seated in the front passenger side. After a brief conversation with Miller, Bonney and White indicated that the other car could follow them to the Denny's restaurant.
After the two cars pulled into the Denny's parking lot, defendant Bonney exited the passenger side of his vehicle and approached Jason Nalle's car. He then demanded money for providing Nalle's car with directions. An altercation followed, during which both Jason Nalle and Penny Grauel were physically assaulted. Nalle testified that both defendant Bonney and Calvin White were involved in the attack, and Ms. Grauel stated that Bonney had punched her and given her a bloody nose. Bonney and White fled the scene immediately following the attack. However, Jason Nalle testified that after the assault, he realized that he was missing a gold bracelet that he had been wearing and $77 cash that had been in his front left pocket.
Witnesses at the scene were able to provide police with a detailed description of the automobile in which defendant and White fled, including the vehicle's license plate number. A short while later, police located the vehicle at Calvin White's home and took White into custody. Although White initially told police that his passenger had been a man named "Bobby," he subsequently identified defendant Bonney as the vehicle's passenger. On May 18, the police located defendant and took him into custody. Defendant admitted that he was the passenger in Calvin White's vehicle on the night of the incident. However, defendant claimed that Calvin White was the person who had assaulted Jason Nalle and stolen $77 from him. Although defendant also admitted he was in possession of a gold bracelet that was later determined to be the one stolen from Jason Nalle, defendant claimed to have found this bracelet on the ground at the scene of the assault, and denied taking it from anyone.
Defendant was indicted for one count of robbery in violation of R.C. 2911.02(A)(2), and was convicted of that crime following a jury trial. On November 3, 1999, defendant was sentenced to a five-year term of incarceration with the Ohio Department of Rehabilitation and Corrections. He now appeals, and asserts four errors with the trial court's judgment:
 The trial court committed prejudicial error by permitting the State to introduce out of court statements made by the alleged victim thereby violating defendant's right to cross-examine witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution Article I Section 10 and the Ohio Constitution.
 The trial court erred in failing to instruct and charge the jury concerning the lesser included offense[s] of assault and receiving stolen property as properly requested by the defendant.
 The verdict of guilty was against the manifest weight of the evidence and without sufficiency of evidence beyond a reasonable doubt for a finding of guilty.
 The trial court erred when it sentenced defendant to more than the minimum term because of its erroneous finding that defendant had previously served a prison term and further by failing to state it's [sic] reason's [sic] for doing so on the record.
 Defendant first argues that the trial court erred by allowing Penny Grauel to testify that shortly after the robbery, Jason Nalle had stated "that his bracelet and some money was gone." Transcript at *130. Defendant contends the statement is inadmissible hearsay, and further that its admission violated his constitutional right to confront the witnesses against him. See United States Constitution, Amendment VI. The State admits that the statement is hearsay, but contends that it is admissible under Evid.R. 803(1) as a "present sense impression."
We agree that Jason Nalle's statement is hearsay. See Evid.R. 801(C). However, it is unnecessary for us to determine whether the trial court abused its' discretion by allowing Penny Grauel to relate the statement in court under Evid.R. 803(1). Jason Nalle himself testified in the State's case-in-chief, and specifically stated that "five [to] ten minutes" after the robbery, he determined that he was missing "[a] gold bracelet and $77.00." Transcript at *167. Moreover, Nalle was subjected to cross-examination by defense counsel as to the truth of the matter asserted in the hearsay statement. See Transcript at *173-85. Therefore, even presuming that the trial court's decision to admit the statement somehow erroneously implicated defendant's right to confront witnesses, that error was harmless beyond a reasonable doubt. C.f., e.g., State v. Johnson (1994), 71 Ohio St.3d 332,338-89; see also State v. Jack (April 23, 1998), Athens App. No. 97CA10, unreported, 1998 WL 230033 at *10-15. Defendant's first assignment of error is accordingly overruled.
Defendant next argues that the trial court erred by refusing to instruct the jury on the charges of assault and receiving stolen property. Defendant contends that both charges are lesser-included offenses of robbery, and that the evidence required the trial court to instruct on those charges in addition to robbery. The State responds that the Supreme Court's decision in State v. Deem (1988), 40 Ohio St.3d 205, precludes the conclusion that assault and receiving stolen property are lesser-included offense of robbery.
 An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
 Id., paragraph three of the syllabus. Applying the Deem test to this case, it is clear that both assault and receiving stolen property carry "lesser penalt[ies]" than robbery — on these facts, both assault and receiving stolen property are first-degree misdemeanors, whereas robbery is a second-degree felony. Compare R.C. 2903.13(C) and R.C. 2913.51(C) with R.C. 2911.02(B).
The defendant first argues that assault is a lesser-included offense of the robbery for which he was convicted. He points out that the robbery subsection under which he was indicted provides that no person shall "[i]nflict, attempt to inflict, or threaten to inflict physical harm on another" in the commission of a theft offense. R.C. 2911.02(A)(2). Citing State v. Crawford (1983),10 Ohio App.3d 207, 210, defendant argues that because the language of this subsection of the robbery statute is similar to the language of the assault statute that he was entitled to an instruction on assault as a lesser-included offense. Compare R.C.2911.02(A)(2) with R.C. 2903.13.
However, defendant has misread Crawford. Crawford merely held that an assault under subsection (B) of R.C. 2903.13, which prohibits "recklessly caus[ing] serious physical harm to another," was a lesser-included offense of aggravated robbery. See id. at 210. The Crawford court reached this conclusion by noting that the "physical harm" element of the aggravated robbery statute, like subsection (B) of the assault statute, has a mens rea of recklessness. See id. at 208, cited and discussed in State v.Wharf (1999), 86 Ohio St.3d 375, 379.
Here, the defendant does not argue that he "recklessly caus[ed] serious physical harm" as prohibited under subsection (B) of the assault statute. Rather, it appears to be defendant's contention both at trial and on appeal that he "knowingly cause[d] or attempt[ed] to cause physical harm" to Penny Grauel as described under subsection (A) of the assault statute. R.C. 2903.13(A) assault does not require that the harm caused be serious, but does require that the defendant's actions be done knowingly. Because "knowing" is a greater degree of culpability than "reckless," defendant cannot claim that robbery must, as statutorily defined, always contain a R.C. 2903.13(A) assault. See Crawford,10 Ohio App.3d at 209 (noting that "[w]hile `knowingly' will subsume `recklessly,' the converse is not true"). Accordingly, we conclude that under Deem an assault under R.C. 2903.13(A) is not a lesser-included offense of R.C. 2911.02(A)(2) robbery. But seeHoward v. State (1874), 25 Ohio St. 399.
The defendant has also argued, apparently based solely upon his own testimony, that he is entitled to a jury instruction for receiving stolen property. However, even assuming that receiving stolen property is a lesser-included offense of the robbery at issue in this case, it is settled law that trial courts are only required to give the jury instructions on a lesser-included offense "where the evidence presented at trial would reasonably support an acquittal on the crime charged and a conviction on the lesser included offense." State v. Allen (19950, 73 Ohio St.3d 626,637 (subsequent history omitted); accord State v. Solomon
(1981), 66 Ohio St.2d 214, paragraph two of the syllabus. Here, the defendant testified on his own behalf, and admitted that he had assaulted Penny Gruel while Calvin White was arguing with Jason Nalle. See Transcript at *325-31. Defendant also admitted that he had kept (and subsequently spent) twenty dollars that White had given him while the two were fleeing the scene, and that he knew this money to have been stolen. See id. Under these circumstances, we do not believe it can be argued that the defendant's testimony "reasonably support[s] an acquittal" on the robbery charge. For the foregoing reasons, we overrule defendant's second assignment of error.
In his third assignment of error defendant argues both that there was insufficient evidence presented to convict him of robbery and also that his conviction was against the manifest weight of the evidence. Our role when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus. To sustain defendant's conviction of robbery, the State had the burden of presenting sufficient evidence to allow a rational juror to conclude that the defendant had attempted to commit or committed a theft offense, and that while attempting or committing or fleeing thereafter, the defendant inflicted, attempted to inflict or threatened to inflict physical harm on another. See R.C. 2911.02(A)(2). Our review of the evidence presented in the State's case-in-chief reveals that this burden was easily met. Jason Nalle testified that he was pummeled about the head and knocked unconscious, and both Penny Grauel and Kevin Mass. identified the defendant as the man who assaulted Nalle. Calvin White's testimony indicated that defendant was the person who stole Nalle's money, and it is undisputed that defendant was in possession of Nalle's bracelet when he was arrested. These facts compel the conclusion that the State presented sufficient evidence to sustain the defendant's robbery conviction. Moreover, as we noted in our discussion of defendant's second assignment of error, we believe the defendant's testimony alone reasonably supports this conclusion.
In addressing defendant's claim that his conviction was against the manifest weight of the evidence, this Court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether the jury clearly lost its way in resolving conflicts in the evidence, and thereby created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeState v. Martin (1983), 20 Ohio App.3d 172, 175; see also Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. Reversal is only permissible in the exceptional case "where the evidence weighs heavily against the conviction." Id. at 389. We have already determined that the evidence presented was sufficient to convict the defendant, and also noted that the defendant's own testimony reasonably supported his guilt. A complete review of the record here does not lead this court to conclude that the jury clearly lost its way in rendering a guilty verdict. We therefore reject defendant's manifest weight claim and overrule defendant's third assignment of error.
In his fourth assigned error, defendant contends that the trial court erred by sentencing him to more than the minimum term of incarceration. R.C. 2929.14(B) provides, in pertinent part:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct * * *.
 Defendant argues that the trial court improperly determined that had previously served a prison term. According to the State's sentencing memorandum, defendant had previously served consecutive twelve and six month terms of incarceration in another state. However, defendant argues that these terms of incarceration were served in a county jail facility rather than a prison. Apparently based on the combined length of defendant's incarceration, see, e.g., State v. Blatnik (1984), 17 Ohio App.3d 201 (construing former 2929.41), the trial court found that defendant had previously served "something analogous to a prison term" and imposed a sentence greater than the minimum sentence in accordance with R.C. 2929.14(B). Defendant contends that this finding was erroneous.
However, it is unnecessary for this Court to address this question. In addition to finding that defendant served a term in prison, the trial court also found that "the shortest term would demean the seriousness of the Defendant's conduct." Sentencing Hearing Transcript, at *400; cf. R.C. 2929.14(B). This finding provides an independent basis for the trial court's decision to sentence the defendant to a term of incarceration greater than the minimum allowable, and defendant does not contend that this finding was erroneous. Accordingly, we overrule defendant's fourth assignment of error.
For these reasons, the judgment of the Marion County Court of Common Pleas is affirmed.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 HADLEY, P.J., and BRYANT, J., concur.