OPINION
{¶ 1} Appellant, Jeremy D. Bowers, appeals from the judgment entry of the Ashtabula County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent.
 {¶ 2} On November 9, 2000, a complaint was filed in the trial court charging appellant with the criminal offenses of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree if committed by an adult, and, assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree, if committed by an adult. The complaint alleged that, on October 13, 2000, appellant tackled Kenny Boggs ("Boggs") and took money from him. Appellant denied the charges.
 {¶ 3} The juvenile court conducted an adjudicatory hearing on December 14, 2001. Boggs testified that, on October 13, 2000, he and another juvenile were walking to a store in Conneaut, Ohio, when appellant tackled him and removed $20 from his sweatshirt pocket. Boggs did not give appellant permission to tackle him and was not engaged in horseplay with appellant. Boggs further attested that, while he was not injured or bruised, he experienced pain in his stomach and side when he was tackled.
 {¶ 4} After the hearing, the juvenile court found that the charges set forth in the complaint were true. With regard to the robbery offense, appellant was committed to the custody of the Ohio Department of Youth Services ("DYS") for a minimum term of one year indefinite until his twenty-first birthday. For the assault offense, appellant was sentenced to thirty days detention at the Ashtabula County Youth Detention Center, to be served consecutively to his commitment at DYS. From this judgment and sentence, appellant raises the following assignments of error for our review:
 {¶ 5} "[1.] The trial court erred to the prejudice of [appellant] when it made a [sic] findings of true to the charges or robbery and assault against the legal sufficiency of the evidence.
 {¶ 6} "[2.] The trial court erred by imposing consecutive sentences for a lesser included allied offense."
 {¶ 7} In his first assignment of error, appellant argues that the state failed to sufficiently prove either robbery or assault. More specifically, appellant argues that the record contains insufficient evidence indicating that he either inflicted or tried to inflict harm on Boggs, but instead the record indicates that he and Boggs were just "goofing around as kids sometimes do."
 {¶ 8} When reviewing a challenge of the sufficiency of the evidence, "[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} Appellant was found to have committed robbery, in violation of R.C. 2911.02(A), which provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 10} "(1) Have a deadly weapon on or about the offender's person or under the offender's control;
 {¶ 11} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 {¶ 12} "(3) Use or threaten the immediate use of force against another."
 {¶ 13} Appellant was also found to have committed assault, in violation of R.C. 2903.13(A), which provides that: "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *."
 {¶ 14} The Revised Code defines physical harm to persons as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).
 {¶ 15} In the instant case, the victim attested that appellant tackled him without his permission causing him to fall to the ground. The victim stated that he was not injured or bruised as a result of the incident; however, he attested that he experienced pain in his stomach and side when he was tackled. Reviewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that appellant inflicted physical harm on Boggs, as provided in R.C.2901.22, and knowingly caused Boggs physical harm, as provided in R.C.2901.01(A)(3). Thus, the state presented sufficient evidence to prove the physical harm element of both robbery and assault. Appellant's first assignment of error, therefore, lacks merit.
 {¶ 16} In his second assignment or error, appellant argues that the trial court erred in imposing consecutive sentences because assault is a "lesser included allied offense" of robbery.
 {¶ 17} Ohio Appellate Courts have held that R.C. 2941.25(A), which provides that an adult offender indicted on two or more allied offenses of similar import may be convicted of only one the offenses, does not apply to juvenile delinquency matters. In re: Skeens (Feb. 25, 1982), 10th Dist. No. 81 AP-882 and 81 AP-883, 1982 Ohio App. LEXIS 12181, at 6-7; Inre: Durham (Sept. 17, 1998), 10th Dist. No. 97 APF12-1653 and 97APF12-1654, 1998 Ohio App. LEXIS 4297, at 9-10; In re: Lugo (June 14, 1991), 6th Dist. No. WD-90-38, 1991 Ohio App. LEXIS 2805, at 21, 22.
 {¶ 18} In Skeens, supra, at 6-7, the court held:
 {¶ 19} "* * * R.C. 2941.25(A) does not apply to situations where a minor is alleged to be a delinquent minor since, under our Juvenile Code, such a minor is not charged with a crime. While the commission of acts which would constitute a crime if committed by an adult sets the machinery of the Juvenile Court in motion, the issue before the court is whether or not the minor has engaged in the kind of conduct that constitutes delinquency and will therefore justify the intervention of the state to assume his protection and custody. Evidence that the minor committed acts that would constitute a crime if committed by an adult is used only for the purpose of establishing that the minor is delinquent, not to convict him of a crime and to subject him to punishment for that crime."
 {¶ 20} R.C. 2941.25 governs multiple counts and states:
 {¶ 21} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 22} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 23} We agree with the reasoning set forth in Skeens and, therefore, hold that R.C. 2941.25(A) does not apply to delinquency proceedings.
 {¶ 24} Further, even if the merger principles set forth in R.C.2941.25(A) were applicable to juvenile proceedings, they were not violated in this case. For the reasons set forth below, we conclude that robbery and assault are offenses of dissimilar import.
 {¶ 25} The Supreme Court of Ohio has issued the following two-tiered test to ascertain whether two or more crimes are allied offenses of similar import:
 {¶ 26} "* * * In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. * * *" (Emphasis sic.) (Citations omitted.) Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus.
 {¶ 27} When determining whether offenses are allied and of similar import, the court must analyze the statutory elements of each crime in the abstract. State v. Rance (1999) 85 Ohio St.3d 632, 638-639; State v.Brothers (Dec. 14, 2001), 11th Dist. No. 2000-T-0085, 2001 Ohio App. LEXIS 5636, at 8. If the two offenses each contain a separate element, "the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Rance, supra, at 636. If the elements correspond to the extent that they are allied offenses, the defendant may still be convicted of both crimes if it can be shown that the defendant acted with a separate animus or committed the crimes separately. Id. at 638-639.
 {¶ 28} In the present case, the crimes of robbery and assault are offenses of dissimilar import, as their elements do not correspond to the extent that the commission of one necessarily entails the commission of the other. When viewed in the abstract, robbery, as defined by R.C.2911.02(A)(2), requires proof that while in the course of attempting or committing a theft attempt, appellant inflicted, attempted to inflict, orthreatened to inflict physical harm on another. Assault, as defined in R.C. 2903.13(A), requires proof that appellant knowingly caused or attempted to cause physical harm to another. Assault does not require either an attempt or a completed theft offense. Furthermore, evidence that appellant threatened to inflict physical harm is insufficient to prove the crime of assault. As the separate offenses of robbery and assault require proof of an element that the other does not, we conclude that they are not allied offenses of similar import.
 {¶ 29} Next, we will address appellant's argument that assault is a lesser included offense of robbery. "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined,ever be committed without the lesser offense, as statutorily defined,also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." (Emphasis added.) State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus. In order to be a lesser included offense of robbery, assault must satisfy all three elements.
 {¶ 30} The greater offense of robbery can be committed without the lesser offense of assault, as statutorily defined, also being committed. Assault, as statutorily defined, requires that one cause or attempt to cause physical harm to another. However, robbery can be committed without causing or attempting to cause physical harm to another. A robbery can be committed by using or threatening the immediate use of force, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense. "Because the offense of robbery does not require that one cause or attempt to cause physical harm to another, whereas causing or attempting to cause physical harm is an essential element of assault, assault is not a lesser included offense of robbery." State v.Dye (Oct. 6, 1995), 11th Dist. No. 94-T-5096, 1995 Ohio App. LEXIS 4459, at 7.
 {¶ 31} Further, appellant was convicted of violating subsection (A) of the assault statute, which requires the mens rea of knowingly. However, in order to impose liability for the "[i]nflict, or attempt to inflict serious physical harm" aspect of the crime of robbery, the mens rea of recklessness is sufficient. State v. Crawford (1983),10 Ohio App.3d 207, 208-209. "Because `knowing' is a greater culpability than `reckless,' defendant cannot claim that robbery must, as statutorily defined, always contain a R.C. 2903.13(A) assault." State v. Bonney (May 5, 2000), 3d Dist. No. 9-99-80, 2000 Ohio App. LEXIS 1978, at 8-9; see also, State v. Ehrhart (Apr. 3, 2000), 5th Dist. No. 1999AP060039, 2000 Ohio App. LEXIS 1573, at 8-9. Accordingly, under the Deem standard, an assault under R.C. 2903.13(A) is not a lesser included offense of R.C.2911.02(A)(2) robbery. Appellant's argument that assault is a "lesser included allied offense" of robbery, therefore, lacks merit.
 {¶ 32} Based on the foregoing, the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.