JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Maurice Robinson appeals from the court's judgment of conviction on three counts of felonious assault with peace officer specifications and one count of possession of drugs. Appellant claims that (1) the court erroneously defined a mental element for felonious assault, (2) the court lacked sufficient evidence to find that he feloniously assaulted the police officers, and (3) the court failed to order a separation of witnesses. We find no error and affirm.
 {¶ 2} The evidence showed that vice detectives in two detective cars were on evening patrol in response to neighborhood drug, liquor and prostitution complaints. Three detectives rode in each car. The detectives in both cars turned onto a residential one-way street. One of the detectives testified that residents parked on both sides of the street, effectively narrowing it to one lane. The lead detective car moved down the street while the second detective car remained about four to five car lengths behind. The detectives in the lead car saw a male running from a parked car. As the lead car pulled alongside the parked car, a detective shined a flashlight into the driver's side window of the parked car and saw appellant in the driver's seat. The detective smelled an odor of marijuana, so he and one of the other detectives exited the car. They made it one-fourth of the way around the front of appellant's car before appellant threw something to the ground and put his car into reverse. Appellant backed the car into the street and wildly accelerated backwards down the street. He backed down the street so fast that the second detective car had to pull *Page 4 
onto the sidewalk to avoid being hit. A detective in the second car stated that had he not pulled his car off the street, his car would have been struck by appellant's car. The detectives estimated that appellant had been moving at 20-25 miles per hour as he passed the second detective car.
 {¶ 3} Appellant sped onto an interstate highway and momentarily eluded the police. He ran off the highway, however, and overturned his car. He and a juvenile in the car with him fled to a nearby cemetery. The police eventually caught him and found him carrying four plastic bags of marijuana weighing 132.6 grams.
 I {¶ 4} For his first and second assignments of error, appellant complains that the court erred by defining the felonious assault mental element of "knowingly" too narrowly. He maintains that his act of driving away from the police was "reckless at worst, negligent at best," particularly since he had no reason to know that persons approaching his car were police officers.
 {¶ 5} When reviewing a claim that there is insufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1981), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} R.C. 2903.11(A)(2) states that no person shall knowingly cause or attempt to cause physical harm to another. A person acts "knowingly" when aware *Page 5 
that the person's conduct "will probably cause a certain result or will probably be of a certain nature." See R.C. 2901.22(B).
 {¶ 7} After viewing the facts in a light most favorable to the state, we find that the court could rationally have concluded that appellant knew he had been stopped by police officers. The court heard testimony from the detective who shined his flashlight into appellant's car that he not only knew appellant, but appellant knew him. Another detective from the first car stated that his car's lights and siren were on as he stood in front of appellant's car. A detective in the second car testified that his partner immediately activated his siren and blue dashboard light the moment he saw appellant's backing lights. A reasonable trier of fact could deduce from this evidence that appellant knew he had encountered police officers.
 {¶ 8} The evidence likewise would enable a reasonable trier to conclude that appellant knew he could cause the officers physical harm in the manner he drove away. The testimony showed that residential parking on the street had essentially reduced the street to one lane. The court could reasonably have inferred that appellant knew the second detective car had been positioned behind him once the lights and sirens were activated. Appellant could only have backed the car out from the curb into the center of the street by looking behind him as he drove in reverse, so he must have seen the flashing lights of the second detective car in the darkness. He nonetheless raced backwards so rapidly that he forced the second detective car to drive off the road in order to avoid a collision. The detective said that appellant *Page 6 
was accelerating his car as he approached the second detective car and that appellant's car would have struck their car had they not driven onto the sidewalk. The court could have reasonably concluded from this testimony that appellant intended to leave the scene by any means possible, including ramming the second detective car, if necessary. The court could also have reasonably inferred that a car moving between 20-25 miles per hour would cause damage to a parked car and its occupants. These inferences would have allowed the court to conclude that appellant's actions demonstrated that he knowingly attempted to cause the detectives physical harm as he attempted to flee.
 {¶ 9} Appellant maintains that this evidence only demonstrates that, at worst, he acted recklessly. We disagree. A person acts "recklessly" when "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." See R.C. 2901.22(C). Recklessness is subsumed within the "knowingly" mental element by virtue of being a lower degree of mental culpability. State v. Crawford (1983),10 Ohio App.3d 207, 209.
 {¶ 10} Mens rea is a graduated assessment of culpability based upon an actor's subjective appreciation of risk. As the degree of risk resulting from an action increases, so does the degree of culpability. Hence, recklessness implies an element of chance — the actor proceeding despite knowing that the conduct contains *Page 7 
a risk that a certain result is likely. Knowing conduct means that the actor acts with a degree of certainty in one's intention that a result will occur.
 {¶ 11} In the context of felonious assault, the difference between the two mental elements is the degree or strength of the appellant's belief. If appellant believed that it was probably certain that he would strike the second detective car as he sped away in reverse gear, he acted knowingly. If he believed that there was only a substantial risk that he would strike the second detective car as he sped away in reverse gear, his actions were reckless.
 {¶ 12} Appellant would have known that a second detective car was behind him because its siren and lights were on. He also would have known that on-street parking had reduced the road to one lane. Finally, the positioning of appellant's car meant that he would have needed to physically turn around in order to back the car into the street. He almost certainly would have seen the second detective car behind him. With nowhere to go, appellant nonetheless wildly backed his car into the street and sped backwards down the street. With these facts, a reasonable trier of fact could consider that his continuous acceleration under these circumstances meant that appellant could not have avoided hitting the second detective car, thus he knowingly intended to ram the second detective car in order to flee the scene. Hence, there was sufficient evidence to establish the mental state required for felonious assault.
 II *Page 8 {¶ 13} Appellant's third assignment of error complains that counsel performed ineffectively by failing to request a separation of witnesses. We summarily overrule this assignment because defense counsel did request a separation of witnesses prior to trial. See Tr. 26. There is no evidence in the record to show that the separation of witnesses had been violated during trial, so no error is present on the record.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MARY J. BOYLE, J., CONCUR *Page 1