The State of Ohio, Appellee, *v.* Hopkins, Appellant.

[Cite as State v. Hopkins (1971), 26 Ohio St. 2d 119.]

(No. 69-679—Decided May 12, 1971.)

120

*Mr. Elmer Spencer,* prosecuting attorney, for appellee.

*Messrs. Wilson, Wilson & Wilson,* for appellant.

O'NEILL, C. J. Appellant contends that his acquittal on the charge of receiving certain stolen property constitutes a bar to his prosecution on a charge of concealing the same stolen property. His contenton is founded upon the theory that a single offense is committed by the doing of any one of or combination of the three acts enumerated in. R. C. 2907.30 which, in pertinent part, provides:

"No person shall buy, receive, or conceal anything of value which has been stolen * * * knowing it to have been stolen * * *."

If appellant's position is sound, his prosecution on the concealing charge subsequent to his acquittal on the receiving charge would place him twice in jeopardy for the same offense, contrary to the prohibitions in Section 10, Article I of the Ohio Constitution and the Fifth Amendment to the United States Constitution.

The Ohio and the United States constitutions provide that no person shall twice be put in jeopardy for the "same offense." Consequently, an identity of offenses is the *sine qua non* of double jeopardy. *Blockburger* v. *United States* (1932), 284 U. S. 299; *United States* v. *Randenbush* (1834), 33 U.S. 288. Furthermore, it is permissible for a legislative authority to statutorily "carve" a single transaction into more than one offense. *Gore* v. *United States* (1958), 357 U. S. 386; *State* v. *Ferguson* (1964), 175 Ohio St. 390, 195 N. E. 2d 794.

The area of identity of offenses was examined extensively in *Blockburger.* In that case, at page 304, the court stated the following:

" * * * The applicable rule is that where the same

transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.''

Clearly, then, before the test as enunciated above may be employed in the determination of whether a single offense or multiple offenses exist, there must be two distinct offenses described by statute. Unless that condition is present, there is obviously an identity of offenses, and the *Blockburger* test is rendered inapplicable. Therefore, a legislative body may provide that what could constitute separate offenses under that test be only a single statutory offense.

While buying, receiving, and concealing stolen property might appear to state separate offenses under the *Blockburger* test, we hold that the General Assembly, in R. C. 2907.30, has set forth one statutory offense. Whether predecessors of R. C. 2907.30 set forth separate courses of criminal conduct or only one, which may be fulfilled by any one of three acts or a combination thereof, has been the subject of consideration of this court on three occasions in as many different contexts. See *Holtz* v. *State* (1876), 30 Ohio St. 486; *Smith* v. *State* (1898), 59 Ohio St. 350, 52 N. E. 826; *State* v. *Schultz* (1917), 96 Ohio St. 114, 117 N. E. 30. The results in those cases were varied, and the court makes no attempt here to reconcile them. However, the court does find the *Schultz case*, holding that but a single course of criminal conduct was proscribed, compelling, and adopts its reasoning.

Schultz was indicted for receiving *and* concealing stolen property under a statute containing substantially the same language as R. C. 2907.30. His claim that the indictment was bad for duplicity was rejected for the reason that the statute was construed to proscribe but one offense. That conclusion was reached by the following reasoning in *Schultz, supra,* at page 120:

" 'A statute often makes punishable the doing of one

thing *or* another, *or* another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. * * * , ''

This rule is sound because it permits the sensible construction that R. C. 2907.30 was enacted to deal with a single course of criminal conduct—dealing in stolen property.

*State* v. *Ferguson, supra* (175 Ohio St. 390), is cited by the state as authority for the proposition that R. C. 2907.30 creates three separate and distinct offenses. Ferguson was indicted on two counts of murder in the first degree under R. C. 2901.01, which provides, as follows:

"No person shall purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another."

The first count charged that he killed purposely while attempting to perpetrate a robbery. The second charged that he killed purposely with deliberate and premeditated malice. Although, in *Ferguson,* the court held that R. C. 2901.01 created a number of distinct offenses of murder in the first degree, *Ferguson* may be distinguished from the present case in three very important respects. First, the *Ferguson* decision dealt only with the application of the *Blockburger* test without first determining whether R. C. 2901.01 established one or many statutory offenses under the rule of construction in *Schultz.* Rather, *Ferguson* dealt solely with whether proof of killing purposely and with deliberate and premeditated malice required proof of facts not required for proof of killing purposely while perpetrating a robbery. Second, R. C. 2901.01 differs materially from R. C. 2907.30 in such a way as to clearly set forth a number of distinct statutory offenses. Although the unlawful acts enumerated in R. C. 2901.01 are joined by the disjunctive "or," as are those in R. C. 2907.30, the acts

enumerated in R. C. 2901.01 are preceded by the word "either," a word used to preface alternatives which are distinct and may not operate as a unit. The use of that word, therefore, requires that each act thereafter listed constitute a separate offense and precludes the possibility that a number of those acts occurring in a single transaction constitute a single offense. Third, one can not equate double jeopardy into joinder. For example, Ferguson was charged by indictment for murder in the first degree on two counts; the first count charging that he "unlawfully, purposely and while attempting to perpetrate a robbery, killed Benjamin Kaufman," and the second count charging that the defendant "unlawfully, purposely and of deliberate and premediated malice killed Benjamin Kaufman." Had Ferguson been tried separately on the first count and acquitted, he certainly could not have then been tried for the murder of the same person upon an indictment charging the second count. A second trial for murder of the same person would obviously be in violation of the double jeopardy provisions of Section 10 of Article I of the Ohio Constitution and the Fifth Amendment to the United States Constitution.

The court comes now to a consideration of the disposition of this appeal. The action of the trial court, in effect, found that the defense of double jeopardy was not a valid defense against any of the three counts in the indictment. The Court of Appeals affirmed. Appellant indicates in his brief that he is appealing only from that part of the Court of Appeals' judgment which affirmed the trial court's ruling on the first count of the indictment relating to the former charge of receiving stolen property for which he was tried and acquitted. However, appellant's notice of appeal is directed to the entire judgment of the Court of Appeals.

Therefore, the judgment of the Court of Appeals is reversed in relation to its affirmance of that part of the trial court's judgment relating to the first count of the indictment upon which appellant was previously tried and

acquitted, and final judgment is entered for the defendant. That part of the judgment of the Court of Appeals relating to the second and third counts of the indictment, charging acts for which appellant has not yet been tried, is affirmed.

The cause is remanded to the Court of Common Pleas for further proceedings in accordance with this opinion in respect to the second and third counts of the indictment.

*Judgment reversed in part and affirmed in part.*

DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.
HERBERT and SCHNEIDER, JJ., dissent.

SCHNEIDER, J., dissenting. It seems plain to me that one might "receive," but not "conceal," stolen property. It is also plain that, while not having *received* stolen property, one might well have *concealed* it. *E. g.*, the date upon which defendant allegedly concealed the stolen property was approximately two months after the date upon which it was stolen. Consequently, I would affirm.

HERBERT, J., concurs in the foregoing dissenting opinion.