**The STATE of Ohio, Appellee,**

**v.**

**GARTRELL, Appellant.**

[Cite as *State v. Gartrell* (1995), 103 Ohio App.3d 588.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940531.

Decided May 24, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Christian J. Schaefer,* Assistant Prosecuting Attorney, for appellee.

*Recker, Reed, Tilton & Hastings* and *Robert R. Hastings, Jr.,* for appellant.

*Per Curiam.*

Defendant-appellant Tony Gartrell, on appeal from his conviction of robbery, presents a single assignment of error in which he challenges the denial of his pretrial motion to dismiss the robbery charge. In support of this challenge, the appellant cites his previous conviction in Hamilton County Munici-

pal Court for disorderly conduct and contends that the state and federal constitutional guarantees against double jeopardy bar his prosecution for robbery because his disorderly conduct conviction and the robbery charge were predicated upon the same conduct and disorderly conduct is a lesser included offense of robbery. This challenge is untenable.

The record supports the appellant's contention that a single course of conduct provided the evidentiary fundament for his conviction for disorderly conduct and for his indictment, in the proceedings underlying the instant appeal, for robbery. Case authority also appears to lend credence to the appellant's contention that minor-misdemeanor disorderly conduct in violation of R.C. 2917.11(A)(1) is a lesser included offense of robbery in violation of R.C. 2911.02. See *State v. Reynolds* (1985), 25 Ohio App.3d 59, 25 OBR 227, 495 N.E.2d 971, and *State v. Roberts* (1982), 7 Ohio App.3d 253, 7 OBR 333, 455 N.E.2d 508 (holding that minor-misdemeanor disorderly conduct is a lesser included offense of assault); *State v. Crawford* (1983), 10 Ohio App.3d 207, 10 OBR 280, 461 N.E.2d 312 (holding that assault is a lesser included offense of aggravated robbery).

■ The appellant, however, was convicted in municipal court of disorderly conduct as a fourth-degree misdemeanor, a violation of R.C. 2917.11(A)(1) and (E). Pursuant to R.C. 2917.11(E), the offense of disorderly conduct is elevated from a minor misdemeanor to a fourth-degree misdemeanor upon proof that "the offender persist[ed] in disorderly conduct after reasonable warning or request to desist * * *." In contrast, R.C. 2911.02, proscribing the offense of robbery, does not require proof of "persist[ence]." On the other hand, the offense of robbery requires proof of a "theft offense," while the offense of disorderly conduct does not. Thus, each offense requires proof of an element that the other does not.

We hold that the trial court properly denied the appellant's motion to dismiss because the guarantees against double jeopardy secured by the Fifth Amendment to the United States Constitution and by Section 10, Article I of the Ohio Constitution do not operate to bar the appellant's prosecution for robbery, following his conviction for fourth-degree-misdemeanor disorderly conduct, when each offense contains an element not contained in the other. See *United States v. Dixon* (1993), 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (overruling *Grady v. Corbin* [1990], 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, and establishing the "same-elements" test of *Blockburger v. United States* [1932], 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, as the exclusive means for ascertaining a double-jeopardy violation in the context of a subsequent prosecution following a conviction[1]); see,

---

1. Nothing in the text or in the Ohio Supreme Court's interpretation of Section 10, Article I of the Ohio Constitution suggests that the protections against multiple prosecutions provided under Section 10, Article I are any greater than the protections afforded by the Double

also, *Reynolds, supra* (holding that the "persist[ence]" element precludes a determination that fourth-degree-misdemeanor disorderly conduct is a lesser included offense of assault). Accordingly, we overrule the appellant's sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

HILDEBRANDT, P.J., and SHANNON, J., concur.

PAINTER, J., concurs separately.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

PAINTER, Judge, concurring separately.

I concur with the judgment in this case because it is mandated by the distillation of the byzantine plethora of opinions cited in *United States v. Dixon* (1993), 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556, and is almost exactly on point with *State v. Scott* (June 14, 1994), Franklin App. No. 93APA12–1752, unreported. Also, there is not a scintilla of suggestion that any Ohio court has ever interpreted Section 10, Article I of our Constitution any differently from the United States Supreme Court's then-current pronouncements on double jeopardy. If we follow the now-current Supreme Court interpretation, the defendant here loses; were the case three years ago, the defendant would have had greater, or at least different, protections. See *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (overruled just three years later by *United States v. Dixon, supra*). Though I believe that the Ohio Constitution has life independent of the amendments to the United States Constitution and that Ohio courts should not blindly follow the often wandering path of the United States Supreme Court, I do not believe that this case affords a proper medium for departure.

The practical, as opposed to legal, problem with this case is the practice of separate prosecutions for misdemeanors in municipal court and for felonies in common pleas court when the charges arise from the same conduct or series of events. A defendant should answer at one time and in one court for crimes committed at one time and in one place. Here, we have a municipal court judge meting out one punishment, then a subsequent meeting of a grand jury, the handing up of an indictment, and then a common pleas court judge punishing the defendant for a different and greater offense arising from the same series of events. Two judges, two prosecutors, two public defenders, two court reporters and two sets of bailiffs, clerks and other assorted supernumeraries became

---

Jeopardy Clause of the United States Constitution. See *State v. Tanner* (1993), 90 Ohio App.3d 761, 766, 630 N.E.2d 751, 753–754.

involved in this needless duplication of efforts, the only result of which was to create this appeal, thus involving yet another set of judges, lawyers, clerks, etc., to determine the legal import of this folly. Enough criminals we have, and enough cases, without the added make-work caused by bumbling bifurcation.