The STATE of Ohio, Appellee,

v.

MOORE, Appellant. ■

[Cite as *State v. Moore* (1996), 110 Ohio App.3d 649.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950600.

Decided April 24, 1996.

650

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Joseph W. Nienaber,* for appellant.

---

MARIANNA BROWN BETTMAN, Judge.

On April 3, 1995, the appellant, Michael Moore, was convicted of violating Cincinnati Municipal Code 708.37(a),[1] possession of a semiautomatic firearm, and sentenced to one hundred eighty days in jail, ninety days suspended. On April 11, 1995, a Hamilton County grand jury indicted Moore on the charge of knowingly acquiring, having, carrying, or using a weapon while under a disability, in violation of R.C. 2923.13.[2] The indictment was based upon the same incident that led to Moore's conviction under Cincinnati Municipal Code 708.37(a). Moore filed a motion to dismiss based upon double jeopardy grounds, which the trial court overruled. Moore pleaded no contest to the charge of having of a firearm under a disability and was found guilty. At sentencing, Moore argued that having a weapon under disability and possession of a semiautomatic firearm were allied offenses of similar import, and since he had already been sentenced on the Cincinnati Municipal Code 708.37(a) conviction, he could not be resentenced. The trial court determined that the offenses were not allied offenses of similar import and sentenced Moore to six months in jail,[3] but gave Moore credit for the ninety days he had already served in jail on the municipal code violation. Moore appeals from the second conviction and sentence.[4]

---

1. This section provides, "No person shall sell, deliver, rent, lease, offer, or display for sale, or transfer ownership of, acquire or possess a semiautomatic firearm."

   The term "semiautomatic" means "any firearm designed or specially adapted to fire a single cartridge and automatically chamber a succeeding cartridge and ready to fire, with a single function of the trigger." Cincinnati Municipal Code 708–37(h).

   The violation of this ordinance is a first-degree misdemeanor which carries a maximum penalty of six months in jail and a $1,000 fine.

2. R.C. 2923.13(A) provides:

   "Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance * * *."

   The various disabilities are described in R.C. 2923.13(A)(1) through (5). Moore's disability was due to a conviction for drug trafficking in 1993.

3. The offense of having a weapon while under disability is a fourth-degree felony. A conviction requires the trial court to sentence the defendant to a minimum of six months, one year, or eighteen months in jail. R.C. 2929.11(D)(2).

4. We have *sua sponte* removed this case from the accelerated calendar.

■ This case requires us to apply an analysis that is confusing and, as conceded by both counsel for the appellant and counsel for the state, in need of clarification. The matter is worsened by the fact that Moore was prosecuted on the charges separately, at different times and in different courts. In the interest of judicial efficiency and of fairness, "[a] defendant should answer at one time and in one court for crimes committed at one time and in one place." *State v. Gartrell* (1995), 103 Ohio App.3d 588, 590, 660 N.E.2d 527, 529 (Painter, J., concurring).

In his first assignment of error, Moore argues that the trial court erred in not dismissing the charge of having a weapon while under a disability in violation of his constitutional right not to be tried twice for the same offense. In his second assignment of error, Moore argues that the trial court erred in sentencing him on both crimes in violation of his double jeopardy rights, as they are allied offense of similar import. Because these two assignments of error are interrelated, we will address them together.

■ The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution [5] and Section 10, Article I of the Ohio Constitution [6] protect the accused from being put in jeopardy twice for the same offense. These provisions protect an individual against successive punishments as well as successive prosecutions for the same offense. *United States v. Dixon* (1993), 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573 (citing *North Carolina v. Pearce* [1969], 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656).

■ In both the multiple-punishment and multiple-prosecution context, double jeopardy analysis requires the application of what is known as the *Blockburger* test, set forth in *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. *Dixon, supra,* at 696, 113 S.Ct. at 2856, 125 L.Ed.2d at 568. *Blockburger* established a comparison-of-the-elements test, which a court must use to decide whether there has been a double jeopardy violation. If each offense contains an element which the other does not, there is no double jeopardy violation. *Blockburger, supra,* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309; *Gartrell, supra,* 103 Ohio App.3d at 589, 660 N.E.2d at 528. This test focuses on the elements of the statutes used to prove the violations and not on the conduct of the defendant. *Dixon, supra,* 509 U.S. at 704, 113 S.Ct. at 2860, 125 L.Ed.2d at 573,

---

5. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

6. Section 10, Article I of the Ohio Constitution provides: "No person shall be twice put in jeopardy for the same offense."

overruling *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 [7]; *State v. Fiorenzo* (1996), 108 Ohio App.3d 500, 671 N.E.2d 287.

■ Ohio's allied offenses statute, R.C. 2941.25, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. *State v. Fields* (1994), 97 Ohio App.3d 337, 347, 646 N.E.2d 866, 873, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

■ The Ohio Supreme Court has explained the purpose behind R.C. 2941.25:

" 'It is apparent that the statute has attempted to codify the judicial doctrine—sometimes referred to as the doctrine of merger, and other times as the doctrine of divisibility of offenses—which holds that "a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime." *State v. Botta* (1971), 27 Ohio St.2d 196, 201 [56 O.O.2d 119, 122, 271 N.E.2d 776, 780].* * *' (Footnotes omitted.)" *State v. Rice* (1982), 69 Ohio St.2d 422, 424, 23 O.O.3d 374, 376, 433 N.E.2d 175, 177–178, quoting *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 376, 397 N.E.2d 1345, 1349.

---

**7.** In *Grady,* the United States Supreme Court held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id,* 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. This is called the "same-conduct" test. Because the same-conduct test of *Grady* was expressly overruled in *Dixon,* we believe Ohio case law following *Grady* has been implicitly overruled, particularly because the Ohio Supreme Court has traditionally applied federal law in the double jeopardy context. See *State v. Best* (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, paragraph three of the syllabus; *State v. Hopkins* (1971), 26 Ohio St.2d 119, 55 O.O.2d 234, 269 N.E.2d 595. See, also, *Gartrell, supra* (separate concurrence). However, the Ohio Supreme Court has not directly adopted *Dixon,* and if the same-conduct test of *Grady* were still viable today, this case would have a different outcome.

■ Turning specifically to the case before us, Moore first argues that his prosecution for both offenses constitutes a double jeopardy violation. Applying the *Blockburger* test, we find that Cincinnati Municipal Code 708.37(a) contains the element of a semiautomatic firearm, which is not contained in R.C. 2923.13. R.C. 2923.13 contains the element of a disability, while Cincinnati Municipal Code 708.37(a) does not. Therefore, Moore's double jeopardy rights were not violated when he was tried on the charge of having a weapon while under a disability. The first assignment of error is overruled.

■ In his second assignment of error, Moore argues that the sentencing on both offenses is a double jeopardy violation because the offenses are allied offenses of similar import committed with the same animus. R.C. 2941.25 requires the court to apply a two-tiered test in order to determine whether two or more crimes are allied offenses of similar import. "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus (following *State v. Blankenship* [1988], 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817). [8]

With respect to the first step of the analysis in the present case, the elements of Cincinnati Municipal Code 708.37, possession of a semiautomatic firearm, do not correspond with the elements of R.C. 2923.13, knowing possession of a firearm or deadly ordnance while under a disability, to such a degree that the commission of one crime will result in the commission of the other. See *State v. Rice* (1982), 69 Ohio St.2d 422, 23 O.O.3d 374, 433 N.E.2d 175 (holding that the crimes of carrying a concealed weapon, R.C. 2923.12, and having a weapon while under disability, R.C. 2923.13, are not allied offenses of similar import under R.C. 2941.25[A] ).

The municipal ordinance prohibiting the possession of semiautomatic weapons covers only semiautomatic weapons and the possession of such weapons within the limits of the city of Cincinnati. The term "semiautomatic" means "any

---

**8.** Because the Ohio doctrine of allied offenses is based upon a state statute, we assume that the holding in *Dixon, supra,* does not change the analysis under this statute.

firearm designed or specially adapted to fire a single cartridge and automatically chamber a succeeding cartridge and ready to fire, with a single function of the trigger." Cincinnati Municipal Code 708–37(h). This represents a special class of firearms which the city of Cincinnati has outlawed presumably because of their extremely dangerous nature, even compared to other firearms. A person convicted under this ordinance who has no prior criminal record will not have violated the weapons-under-disability statute.

The weapons-under-disability statute has state-wide application and covers firearms and dangerous ordnance in general. A "firearm" is defined under the code as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." R.C. 2923.11(B). A person under a disability can violate this statute by possessing a firearm which is not semiautomatic. Thus, a violation of the state statute will not always result in a violation of Cincinnati Municipal Code 708.37(a) because the elements are different.

Because we hold that the two offenses are not allied offenses under R.C. 2941.25(A), we do not need to go on to the second step of the analysis and consider whether the crimes were committed separately or with a separate animus as to each. R.C. 2941.25(B).

Accordingly, Moore's rights were not violated when he was convicted and sentenced on the charge of possession of a weapon under a disability, and the second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Doan, P.J., and Hildebrandt, J., concur.