JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Carlton Banks Jr. appeals the sentencing by the trial court and claims that the trial court's imposition of maximum and consecutive terms of incarceration are unfair and contrary to law under the sentencing guidelines. Defendant also claims that the trial court erred in failing to merge his offenses and that he was denied effective assistance of counsel. For the following reasons, we affirm in part; reverse in part and remand for resentencing.
 {¶ 2} On February 26, 2002, the Cuyahoga County Grand Jury indicted defendant in Case No. CR-420197 on five counts: one count of possession of crack cocaine in an amount exceeding one gram but less than five grams, in violation of R.C. 2925.11; one count of possession of heroin in an amount of less than one gram, in violation of R.C. 2925.11; one count of preparation for shipment of crack cocaine in an amount exceeding one gram but less than five grams, in violation of R.C. 2925.03; one count of preparation for shipment of heroin in an amount of less than one gram, in violation of R.C. 2925.03; and one count of possession of criminal tools, in violation of R.C. 2923.24.
 {¶ 3} On April 2, 2002, the Cuyahoga County Grand Jury indicted defendant in Case No. CR-421541 on seven counts: one count of involuntary manslaughter, in violation of R.C. 2903.04; one count of failure to comply with order or signal of a police officer, in violation of R.C.2921.331; one count of possession of cocaine in an amount exceeding one gram but less than five grams, in violation of R.C. 2925.11; one count of possession of cocaine in an amount less than one gram, in violation of R.C. 2925.11; one count of aggravated vehicular homicide, in violation of R.C. 2903.06; one count of aggravated vehicular assault, in violation of R.C. 2903.08; and one count of intimidation, in violation of R.C. 2921.04.
 {¶ 4} The charges in Case No. CR-421541 arose from events which occurred on March 15, 2002. Defendant, having drugs in his car, fled in his vehicle when the police attempted to make a traffic stop on him. After a police chase, defendant's vehicle eventually collided with two different vehicles, one occupied by Rahaman Bilal and the other by Davette Hairston. Bilal later died as a result of the injuries suffered in the crash and Hairston suffered severe physical injuries.
 {¶ 5} On June 14, 2002, defendant appeared before the trial court and entered pleas of guilty in Case No. CR-420197 to possession of crack cocaine in an amount exceeding one gram but less than five grams (Count I) and trafficking in crack cocaine in an amount exceeding one gram but less than five grams (Count III).[1] The remaining charges were dismissed. Defendant also entered pleas of guilty in Case No. CR-421541 to involuntary manslaughter (Count I), failure to comply with the order or signal of a police officer (Count II) and aggravated vehicular assault (Count VI). The remaining charges were dismissed.
 {¶ 6} The sentencing hearing took place on July 15, 2002 before the original judge assigned to the case. At the sentencing hearing, the defendant had two family members speak on his behalf. The defendant also spoke and expressed remorse for his actions. The trial court then sentenced defendant as follows: In Case No. CR-420197, the trial court sentenced defendant to one year on the possession count, to run consecutive with one year on the trafficking count. In Case No. CR-421541, the trial court sentenced defendant to the maximum amount of ten years on the involuntary manslaughter count, two years on the failure to comply with the order or signal of a police officer count, and one year on the aggravated vehicular assault count, to run consecutively. The sentences in each case were ordered to be served consecutively to each other. The total sentence in both cases was 15 years.
 {¶ 7} Defendant appeals the trial court's sentencing and asserts the following assignments of error:
 {¶ 8} "I. Defendant was denied due process of law when he was sentenced to a maximum sentence and consecutive sentences for the other offenses to which he entered pleas of guilty."
 {¶ 9} In this assignment of error, defendant challenges the trial court's imposition of maximum and consecutive terms of incarceration.
 Maximum Sentence {¶ 10} R.C. 2929.14(C) provides that a court may impose maximum sentences only upon: (1) the offenders who have committed the worst form of the offense; (2) the offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders.
 {¶ 11} Here, the record adequately shows that the trial court complied with the dictates of R.C. 2929.14(C) when imposing the maximum sentence for involuntary manslaughter. The Ohio Supreme Court, in Statev. Edmonson (1999), 86 Ohio St.3d 324, 329, interpreted R.C. 2929.14(C) to require that the record contain a finding that the defendant falls within at least one of the four categories mentioned in the statute. Here, the trial record clearly supports a finding that defendant poses a great likelihood of committing future crimes. The pre-sentence investigation revealed that defendant had an extensive criminal record preceding his convictions in this case. Accordingly, the court satisfied the mandates of R.C. 2929.14(C) for imposing a maximum sentence.
 Consecutive Sentences {¶ 12} R.C. 2929.14(E)(4) states that a court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 {¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} In relation to these sections, R.C. 2929.19(B)(2)(e) requires that the trial court state its "reasons" for imposing consecutive sentences and for imposing maximum sentences for offenses arising out of a single incident. State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, 75606; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citing State v.Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 18} Here, at the sentencing hearing, the trial court noted that defendant's extensive criminal record justified the imposition of consecutive sentences. The trial court also found that consecutive sentences were necessary to protect the public from future crime and that defendant satisfied all three reasons listed under R.C.2929.14(E)(4)(a)-(c).[2] However, the trial court failed to make any findings pertaining to proportionality. Usually, a situation such as this results in a remand for resentencing.
 {¶ 19} In this instance, however, regardless of the trial court's failure to make the requisite findings required by R.C. 2929.14(E)(4), the trial court did not err in imposing consecutive sentences for defendant's convictions for failure to comply with an order of a police officer and involuntary manslaughter. Under R.C. 2929.14(E)(3), a trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C. 2921.331(B).[3] Rather, R.C. 2929.14(E)(3) imposes a mandatory consecutive sentence for violations of R.C.2921.331(B). State v. Mango, 7th District No. 01 CA 170, 2002-Ohio-6890;State v. Norris (Nov. 14, 2001), Summit App. No. 20515. Indeed, defendant was informed of this at the time he entered into his plea. (Tr. 22-23.)
 {¶ 20} With regard to the imposition of consecutive sentences for possession and trafficking in Case No. CR-420197, and the imposition of a consecutive sentence for aggravated vehicular assault in Case No. CR-421541, we conclude that the trial court failed to provide any reasons on the record that consecutive sentences were not disproportionate to the severity of conduct and the danger posed by the defendant. See State v.Castro (Oct. 17, 2002), Cuyahoga App. No. 81122. Although there are no magic words that need to be used by a trial court, we have consistently held that a trial court must make findings that are detailed, systematic and explicit. State v. Ohler, Cuyahoga App. No. 79740, 2002-Ohio-3899;State v. Smith (2001), 136 Ohio App.3d 343; State v. Nichols (Aug. 19, 1999), Cuyahoga App. Nos. 74732, 74733. Accordingly, defendant's first assignment of error is sustained in part and he is remanded for resentencing in accordance with this opinion.
 {¶ 21} "II. Defendant was denied due process of law when the court did not consider the statutory factors required in sentencing for failure to comply with an order or signal of a police officer."
 {¶ 22} In his second assignment of error, defendant argues that the trial court erred in imposing a two-year sentence for failure to comply with an order or signal of a police officer without following the statutory mandates set forth in R.C. 2921.331. We disagree.
 {¶ 23} When sentencing an offender for a violation of R.C.2921.331(B), which rises to the level of a third degree felony, the court shall consider the factors provided in R.C. 2921.331(C)(5)(b)(i-ix), as well as the factors set forth in R.C. 2929.12 and R.C. 2929.13.
 {¶ 24} At the sentencing hearing, the trial court stated the following, in pertinent part:
 {¶ 25} "You did not have a license, and you were operating a motor vehicle in 1995, which is germaine to this incident.
 {¶ 26} "You also have a reckless operation, which is also very germaine to this incident.
 {¶ 27} "You also had a DUI, which is very, very important when it comes to this incident. So you had three back-to-back-to-back license required to operate, reckless op, DUI.
 {¶ 28} "Now, you are involved in a situation where you were out on bond and you get your first drug case.
 {¶ 29} "You were, once again, involved in utilizing drugs. The police drove up on you, and you lead them on a wild, high-speed chase through the streets of Cleveland, colliding with another couple's vehicle, and killing a passenger.
 {¶ 30} "It's important for us occasionally in business to send a message through the person here today, which is that when you engage yourself in behavior like this, with a record like yours, you are going to do a longer period of incarceration * * *."
 {¶ 31} The court made reference to the high rate of speed during the pursuit, the fact that the pursuit occurred on highly traveled roads, and the great harm the pursuit caused other motorists, which are all relevant factors under R.C. 2921.331(C)(5)(b)(i-ix) that indicate defendant's conduct was more serious than conduct normally constituting the offense. The court also made reference to the fact that defendant was awaiting trial and sentencing or under conditions of post-release control at the time he committed the offense and that defendant had a criminal record that indicates he has not responded favorably to community control sanctions imposed for previous convictions. These are all relevant factors that R.C. 2929.13(C) states shall be considered under R.C. 2929.12
and indicate that defendant is likely to commit future crimes.
 {¶ 32} After careful review of the record and law, this Court finds that the trial court did consider the factors set forth in R.C.2929.13 and R.C. 2921.331 and presented its findings in consideration of them when it imposed its sentence upon defendant.
 {¶ 33} Defendant's second assignment of error is overruled.
 {¶ 34} "III. Defendant was denied his constitutional right against multiple punishments when the offense of involuntary manslaughter was not merged with the offense of failure to comply."
 {¶ 35} In his third assignment of error, defendant argues that the trial court improperly failed to merge his convictions for involuntary manslaughter and failure to comply with an order or signal of a police officer. We disagree.
 {¶ 36} R.C. 2941.25, Ohio's allied offenses statute, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clause of the United States and Ohio Constitutions. State v. Moore (1996), 110 Ohio App.3d 649, 653. Specifically, R.C. 2941.25 states:
 {¶ 37} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 38} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 39} In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), courts must assess whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. Statev. Rance (1999), 85 Ohio St.3d 632, 638. If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639. The burden of establishing that two offenses are allied falls upon the defendant. State v. Douse (Nov. 29, 2001), Cuyahoga App. No. 79318.
 {¶ 40} Looking at the elements of defendant's offenses, we determine that involuntary manslaughter and failure to comply with an order of a police officer are not allied offenses of similar import. Involuntary manslaughter requires causing the death of another as a proximate result of committing or attempting to commit a felony. R.C.2903.04. Failure to comply with the order of a police officer does not require that the victim be killed or even injured. Rather, violation of the particular code section with which defendant was charged requires only that the defendant's operation of the motor vehicle cause a substantial risk of serious physical harm. R.C. 2921.331(C)(5)(a)(ii). Failure to comply is only one of the many felonies that may support a charge of involuntary manslaughter. Because each offense requires proof of an element that the other does not, they are not allied offenses of similar import. In sum, involuntary manslaughter and failure to comply are not allied offenses because the commission of one will not automatically result in commission of the other.
 {¶ 41} Because these offenses are of dissimilar import, the trial court did not err in failing to merge the offenses. Accordingly, defendant may be punished for both offenses and his separate sentence for each offense does not violate R.C. 2941.25 or the constitutional guarantees against double jeopardy. See State v. Mango, supra; State v.Mills (Dec. 9, 1999), Cuyahoga App. No. 74700; State v. Velasquez (June 16, 1994), Cuyahoga App. Nos. 65611, 65612, 65613.
 {¶ 42} Defendant's third assignment of error is overruled.
 {¶ 43} "IV. Defendant was denied due process of law when he was not sentenced before a fair tribunal."
 {¶ 44} In his fourth assignment of error, defendant argues that the sentencing judge was biased against him and was unfairly influenced by non-statutory and prejudicial factors. Specifically, defendant argues that the sentencing judge was unfairly influenced by his feelings that defendant was "not a good person,"[4] that the plea was an "outrage,"[5] that "there was no hope for an individual who has killed"[6] and that defendant would receive "no mercy"[7] in sentencing. We disagree.
 {¶ 45} Although the trial court failed to make all of the proper statutory considerations when it imposed consecutive sentences upon the defendant, the record demonstrates a legitimate basis for its decision to impose the maximum sentence for involuntary manslaughter with a consecutive sentence for failure to comply. Defendant had an extensive criminal record preceding his convictions in this case. While the trial court may have made some additional comments regarding the defendant, considering the record in its entirety, we cannot say that the trial court's comments either tainted the fairness of the entire proceeding or demonstrated the trial court's prejudice against the defendant. See Statev. Williams, Cuyahoga App. Nos. 79590, 79591, 2002-Ohio-660; State v.Payton (Dec. 13, 2001), Cuyahoga App. No. 79302; State v. Mitchell
(1997), 117 Ohio App.3d 703. Accordingly, we find no merit in defendant's argument and this assignment of error is overruled.
 {¶ 46} "V. Defendant was denied effective assistance of counsel."
 {¶ 47} In his fifth assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to the effective assistance of counsel. We disagree.
 {¶ 48} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court.Strickland, supra.
 {¶ 49} Defendant first argues that his trial counsel performed deficiently by failing to have the offenses of involuntary manslaughter and failure to comply merged. We disagree. In the third assignment of error, we held that the offenses of involuntary manslaughter and failure to comply were not offenses of similar import and that defendant was properly convicted of both. Thus, counsel's failure to request a merger of the offenses was not prejudicial and defendant was not rendered ineffective assistance of counsel. See Bradley, supra.
 {¶ 50} Next, defendant claims that he was prejudiced when his trial counsel failed to object to a different judge conducting the sentencing hearing. Based upon our decision in the fourth assignment of error, defendant has not shown that such failure affected the outcome of the trial. Therefore, defendant was not denied effective assistance of counsel on that basis.
 {¶ 51} Defendant's fifth assignment of error is overruled.
Judgment affirmed.
PATRICIA A. BLACKMON, P.J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] Since the judge assigned to defendant's case was unavailable on this day, defendant's plea was taken by another judge.
[2] Transcript pps. 38-39.
[3] R.C. 2929.14(E)(3) provides that: "If a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code or if a prison term is imposed for a felony violation of division (B) of section 2921.331 of the Revised Code the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."
[4] Tr. 31-32.
[5] Tr. 29.
[6] Tr. 33.
[7] Tr. 36.